# IN THE COURT OF APPEALS OF IOWA

No. 14-1824
Filed August 5, 2015

**BEST WAY SERVICES, L.L.C.,**
Plaintiff/Counterclaim Defendant-Appellant,

**vs.**

**LAKEVILLE MOTOR EXPRESS, INC.,**
Defendant/Counterclaim Plaintiff-Appellee.
_____

Appeal from the Iowa District Court for Polk County, D.J. Stovall, Judge.

Best Way Services, L.L.C. appeals from judgment entered in favor of Lakeville Motor Express, Inc. on its breach-of-contract counterclaim. **AFFIRMED.**

David J. Hellstern of Sullivan & Ward, P.C., West Des Moines, for appellant.

Scott M. Flaherty and Michael W. Kaphing of Briggs and Morgan, P.A., Minneapolis, Minnesota, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DANILSON, C.J.**

This is a breach-of-contract claim between trucking services. The issue between the parties is whether a modification of their agreement was applicable to only "one way trips" as Lakeville Motor Express (LME) urged or for all trips as argued by Best Way Services, L.L.C. (Best Way). Best Way ran loads on behalf of LME from 2007 to 2013. Prior to January 2012, Best Way ran all loads for LME pursuant to a Motor Carrier Contract Agreement with an agreed upon rate of $1.10 for all miles—all trips Best Way ran for LME were round-trip.

In December 2011, LME offered Best Way the option of one-way jobs on two routes: (1) from Des Moines, Iowa, to Chino, California, and (2) from Des Moines, Iowa, to Dallas, Texas. On January 3, 2012, the parties entered into written modifications.

The modifications provided that Best Way would receive compensation of "$1.39 Per Mile for all loaded an [sic[1]] empty dispatched miles with proper trip authorization. 1740 miles DSM-CNO."[2] And Best Way would receive compensation at a rate of "$1.77 Per Mile for all loaded an[d] empty dispatched miles with proper trip authorization. DSM–DAL 754 miles."[3]

In March 2012, LME's Chino freight was moved to a different destination—Las Vegas, Nevada. LME agreed to compensate Best Way $1.80 per mile for Des Moines to Las Vegas. LME's Steve Gazich wrote an e-mail to LME's accounts payable department on March 7, 2012, that "Best Way will have a new

---

[1] At trial, the phrase was read as "all loaded *and* empty dispatched miles with proper trip operation."

[2] The "1740 miles DSM-CNO" was hand-written by LME's vice president of operations, Michael Sanford.

[3] Sanford also hand-wrote "DSM–DAL 754 miles."

1 Way rate from DSM to Las Vegas, NV. The new rate is $1.80 per mile 1 way DSM to VGS."

From January to March 2012, Best Way invoiced LME at a rate of $1.10 per mile on Des Moines to Chino round trips, but at $1.39 per mile on Des Moines to Chino one-way trips. Through January 2012, Best Way invoiced LME at a rate of $1.10 on Des Moines to Dallas round trips.

In March 2012, Best Way began to invoice LME for all trips to Dallas at $1.77 per mile and to Las Vegas at $1.80 per mile—one way and round trip. LME paid ninety-five invoices between March and November at these higher rates. However, in December 2012, LME conducted a review of its invoices and concluded it had overpaid Best Way $186,561.78 on round trips between Des Moines and Dallas and Des Moines and Las Vegas.

In January 2013, LME withheld payment of twenty-eight invoices submitted by Best Way totaling $105,445.44. LME thereafter stopped using Best Way as a carrier, and Best Way filed suit for payment of the withheld January payments. LME admits it owes Best Way $97,532.64 for 2013 invoices. LME counterclaimed for recovery of $89,029.14 in overcharges by Best Way.

The case was tried to the court. Best Way's owner, Besim Smajlovic, acknowledged that in January 2012 Best Way invoiced LME at a rate of $1.10 for Des Moines/Chino round-trip jobs and $1.39 for Des Moines to Chino one-way jobs. He also acknowledged that at least through January 2012 Best Way invoiced LME at a rate of $1.10 for Des Moines/Dallas round-trip jobs and $1.79 for Des Moines to Dallas one-way jobs. When asked why Best Way charged $1.10 between January and March 2012, he responded, "It shouldn't be. I didn't

do the invoice; my payroll. You know, the guy, the employee does. So I don't know. It could be a mistake."

LME's Sanford testified it is an industry standard to pay a higher rate for one-way transportation to compensate the risk of the transportation provider (here, Best Way) of not finding return-trip work. Sanford testified he handwrote "1740 miles DSM-CNO" for the $1.39 rate to Chino because,

> through conversations prior to doing the written agreement, I wanted to make sure that we clearly knew what the differentiation was and that's why I spelled it out. And only from the origin to the destination with the specified miles in there and for one-way trips. That's why I only put origin and destination and not the return.

Sanford testified he asked Best Way to dedicate an additional ten trailers between Des Moines and Chino.

> Q. Why did they add those trailers? A. I asked them to add trailers because in order to be compensated at the higher rate for one ways and the fact that they would be going to—solicit business at the other end, I needed them to put capital in because I couldn't justify changing from a previous carrier to them without them putting some capital into the lanes, because they are going to get other business once they get done in Chino or done in Dallas with the route we gave them. So the return business is other customers.
> Q. When they did return business for other customers, did they ever use LME trailers for that business? A. Yes.
> Q. Do you know about how often they used LME trailers? A. I did the best I could to identify, and I had 74 times.
> Q. And those are trips not for LME but using LME's trailers; is that right? A. Yes.
> Q. And was that a problem for LME? A. No.
> Q. Why not? A. Because we utilized their equipment coming back in the lane when—similar to what I described earlier. We would move trailers for other carriers in those one ways should they be out of position, or not be loaded correctly and they had to take our trailers, so then we in turn would take their trailer in the same lane.

Sanford testified he also specifically handwrote on the Dallas contract appendix "DSM-DAL 754 miles."

Best Way argued the submitted evidence showing LME received and paid ninety-five 2012 invoices without challenge at the higher rates, indicating the written agreement modified the compensable rate on all miles driven by Best Way for LME. LME argued the increased rates applied only to one-way trips.

The district court observed it was Best Way's burden to establish by a preponderance of the evidence that the increased rates ($1.77 to Dallas and $1.80 to Las Vegas) applied to all miles and not one-way routes only. *See Moody v. Bogue*, 310 N.W.2d 655, 660 (Iowa Ct. App. 1981). The court concluded Best Way had failed to meet that burden.

Best Way appeals.

Our review of a case tried to the district court is for corrections of errors at law. *Hall v. Jennie Edmundson Mem'l Hosp.*, 812 N.W.2d 681, 684 (Iowa 2012). The district court's findings of fact have the effect of a special verdict and are binding on us if supported by substantial evidence. *Id.* We view the evidence in the light most favorable to the trial court's judgment. *Miller v. Rohling*, 720 N.W.2d 562, 567 (Iowa 2006). Evidence is substantial when a reasonable mind would accept it as adequate to reach the same findings. *Hendricks v. Great Plains Supply Co.*, 609 N.W.2d 486, 490 (Iowa 2000). Evidence is not insubstantial merely because it would have supported contrary inferences. *Id.*

The district court's findings in favor of LME's interpretation are supported by substantial evidence. In particular, the district court found credible that the industry and LME's standard was to pay a higher rate for "one ways," and after

the modification, Best Way was temporarily invoicing consistent with LME's interpretation of the rate increase. Further opinion would not augment or clarify existing case law. We therefore affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(a)-(e).

**AFFIRMED.**